## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| A.B. SIMPSON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-1206-M |
| | ) | |
| BANK ONE CORPORATION, | ) | |
| a corporation; BANK ONE N.A., | ) | |
| a federally chartered banking institution, | ) | |
| and J.P. MORGAN CHASE & CO., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This case is currently set on the Court's June, 2005 trial docket.

Before the Court is defendants' Motion for Summary Judgment, filed March 10, 2005. On March 25, 2005, plaintiff filed his response, and on April 11, 2005, defendants[1] filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    <u>Introduction</u>

Plaintiff A.B. Simpson ("Simpson") sells large machinery. In May, 2004, Simpson sold some equipment to David Aziza ("Aziza"), who sent Simpson a check for $47,000.00. On May 24, 2004, Simpson deposited the check into his account at Bank One.

Subsequently on May 24, Aziza notified Simpson that the equipment was not suitable for his purpose and requested Simpson to wire a refund of $40,000.00 of the purchase price. Simpson states that in an attempt to comply with Aziza's request, he went to Bank One on May 27 and presented the deposit slip he had obtained on May 24 and specifically asked the teller to determine whether

---

[1]Defendant J.P. Morgan Chase & Co. is a successor by merger to defendant Bank One Corporation and defendant Bank One N.A. (hereinafter collectively referred to as "Bank One").

the Aziza check had "cleared," and if so, whether the funds were secure in his account. Simpson further states that the Bank One employee left the counter and went into offices in the rear of the bank, and when she returned, she told him that the check had indeed "cleared" and that the funds were secure. Simpson then entered a wire transfer order to return $39,980.00 to Aziza.

Bank One, however, states that Simpson came to Bank One on May 27 and submitted a request for a wire transfer from his account in the approximate amount of $40,000.00 and that at the time of Simpson's request, the available balance in Simpson's account was $106,425.27. Bank One further states that Simpson asked the teller if there were sufficient funds "available" in his account to cover the wire transfer and that the teller truthfully advised Simpson that there were sufficient funds "available" to allow for a $40,000.00 wire transfer.

Pursuant to the wire transfer request, Bank One made the wire transfer on May 27. On May 28, Bank One was notified that the payor bank had refused to honor the Aziza check and was returning the check to Bank One. On that same day, Bank One mailed Simpson an Account Hold Notice, advising him that there was an error with regard to the Aziza check and that a hold in the amount of $47,000.00 had been placed on his account. On May 29, Simpson received the Account Hold Notice. On June 2, the returned check was processed by Bank One, and the amount of the check was deducted from Simpson's account.

Based upon the above, Simpson filed the instant action alleging claims for breach of contract, fraud, negligence, failure to exercise ordinary care, bad faith, and wrongful dishonor. Bank One has now moved for summary judgment on the above claims. In his response, Simpson states that he will dismiss all claims except his fraud claim.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

Under Oklahoma law, fraud may be actual or constructive.  Okla. Stat. tit. 15, § 57.

> Actual fraud . . . consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
> 1.  The suggestion, as a fact, of that which is not true, by one who does not believe it to be true.
> 2.  The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true.
> 3.  The suppression of that which is true, by one having knowledge or belief of the fact.

4.  A promise made without any intention of performing it; or,
5.  Any other act fitted to deceive.

Okla. Stat. tit. 15, § 58.

Constructive fraud consists:
1.  In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or,
2.  In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud.

Okla. Stat. tit. 15, § 59.

To establish a fraud claim, a plaintiff must show that (1) the defendant made a material misrepresentation that was false; (2) he knew when he made the representation that it was false, or that it was made recklessly without any knowledge of its truth and made as a positive assertion; (3) he made it with the intention that it should be acted upon by the plaintiff; and (4) the plaintiff acted in reliance upon it and thereby suffered injury.  *D & H Co., Inc. v. Shultz*, 579 P.2d 821, 824 (Okla. 1978).

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to Simpson and viewing all reasonable inferences in Simpson's favor, as the Court must when addressing a motion for summary judgment, the Court finds that Simpson submitted sufficient evidence to create a genuine issue of material fact as to whether Bank One made a material misrepresentation that was false.  Specifically, the Court finds that it is disputed whether Simpson asked the teller if the Aziza check had "cleared" or whether he asked if he had "available" funds to cover the wire transfer.  The Court further finds that it is disputed whether the teller told Simpson that the Aziza check had "cleared" and the funds were secure or whether she told him that he had "available" funds to cover the wire transfer.  Because

4

there is a disputed issue of material fact, the Court finds that Bank One is not entitled to summary judgment on Simpson's fraud claim.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Bank One's Motion for Summary Judgment [docket no. 16].

**IT IS SO ORDERED this 18th day of April, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE