**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| A.B. SIMPSON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1206-M |
| ) | |
| BANK ONE CORPORATION, ) | |
| a corporation; BANK ONE N.A., ) | |
| a federally chartered banking institution; ) | |
| J.P. MORGAN CHASE & CO., ) | |
| a corporation, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is defendants' "Suggestion of Lack of Subject Matter Jurisdiction," which the Court construes as a motion to remand. Plaintiff has filed a response and the matter is therefore ripe for determination. For the reasons that follow, defendants' request to remand will be denied.

Defendants removed this action from state court on the basis of diversity of citizenship. In their Notice of Removal, defendants represent that "[c]omplete diversity exists between Plaintiff and Defendants as required by 28 U.S.C. § 1332," Notice of Removal at ¶ 5, and they point out that "in his prayer for relief Plaintiff has requested seventy-five-thousand dollars ($75,000.00) in addition to punitive damages exclusive of interest and costs."[1] *Id.* at ¶ 6. Plaintiff did not object to the removal, and the litigation has proceeded in this Court for the last nine months.

Now, approximately one month before trial, defendants urge the Court through their

---

[1] Actually, plaintiff requested damages "*in excess* of SEVENTY-FIVE THOUSAND AND NO/DOLLARS [sic] ($75,000.00) . . . ." Pl.'s Petition, Ex. 2 to Notice of Removal at p. 6 (emphasis added).

"Suggestion" to remand the action to state court.  In their Suggestion, defendants reiterate their belief that this action was properly removed pursuant to 28 U.S.C. § 1332, Suggestion at p. 1, but argue that "remand is required because it appears the amount in controversy is now less than the $75,000.00 minimum subject matter jurisdictional requirement." *Id.*  Defendants base their argument on a statement contained in plaintiff's response to defendants' Motion for Summary Judgment.  Specifically, defendants rely on plaintiff's representation that he "will dismiss all counts not otherwise based on allegations of fraud." Pl.'s Resp. to Defs.' Mot. for Summ. J. at 1 n.1.  Defendants submit that dismissal of plaintiff's non-fraud-based claims will result in a maximum amount in controversy of only $40,000, and they assert that the Court is thereby deprived of diversity jurisdiction.

Plaintiff concedes that the amount of "economic damages" at issue will be less than $75,000 once he dismisses his non-fraud-based claims, Pl.'s Resp. at 1, but maintains that the *total* amount of damages sought *still exceeds* $75,000.  This is because he seeks "substantial non-economic tort damages (principally in the form of emotional distress)." *Id.*

Ultimately, and in spite of the parties' disagreement, the amount of damages in controversy *at this point in the litigation* is irrelevant for purposes of determining whether subject matter jurisdiction exists.  "Under a well-established principle, reflected in numerous cases, the existence or non-existence of the required amount in controversy is determined as of the time that an action is commenced in the federal courts or arrives there from state court by way of removal." 14B Charles Alan Wright *et al.*, Federal Practice and Procedure § 3702, at 62-63 (3d ed. 1998); *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the

[state court] petition or the removal notice."). It follows from this principle that events occurring subsequent to a proper removal from state court, and hence after subject matter jurisdiction attaches in the federal court, cannot deprive the federal court of subject matter jurisdiction, even if the events have the effect of reducing the amount in controversy below the jurisdictional minimum. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("[T]he circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand. And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *id.* at 289-90 ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."); 14B Charles Alan Wright *et al.*, Federal Practice and Procedure § 3702, at 63-65 (3d ed. 1998) ("Once the case is in the federal system, subsequent events in the litigation . . . cannot destroy the district court's subject matter jurisdiction once it has been acquired either as an original matter or by way of removal.").

In the instant action, defendants' argument that diversity jurisdiction is lacking is based solely on plaintiff's recently expressed intention to dismiss certain of his claims, *i.e.,* an event that occurred subsequent to the proper removal of this action from state court, after this Court's subject matter jurisdiction attached. As explained above, such an event cannot effectively defeat this Court's subject matter jurisdiction. Consequently, the Court finds that defendants' request to remand this action to state court is without merit.

...

For all of the above-stated reasons, defendants' Suggestion of Lack of Subject Matter Jurisdiction [docket no. 36], construed as a motion to remand, is DENIED.

**IT IS SO ORDERED this 5th day of July, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE